UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAEL DIAZ,

    Petitioner,

                                           CIVIL CASE NO. 10-10352
                                           (Criminal Case No. 99-80241)
v.

                                           HON. PATRICK J. DUGGAN
UNITED STATES OF AMERICA,        UNITED STATES DISTRICT JUDGE

    Respondent.

_____/

## ORDER OF DISMISSAL

Petitioner Rafael Diaz ("Petitioner") is an inmate at the Federal Medical Center in Lexington, Kentucky. On January 25, 2000, Petitioner was convicted in this Court of conspiring to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846 (Count One) and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) (Count Six). On December 11, 2000, this Court sentenced Petitioner to imprisonment for 240 months on Count One and 120 months on Count Six, to be served consecutively, and a three-year term of supervised release on both counts, to be served concurrently. *See United States v. Diaz*, No. 99-80241 (E.D. Mich. Dec. 11, 2000). Petitioner appealed his conviction and sentence, both of which were affirmed by the Sixth Circuit Court of Appeals. *See United States v. Diaz*, 38 Fed. Appx. 244 (6th Cir. 2002).

On May 27, 2003, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set

aside, or correct sentence. This Court denied the motion on December 17, 2003.
Petitioner filed another motion under § 2255 on September 23, 2009. This Court transferred Petitioner's motion to the Court of Appeals pursuant to 28 U.S.C. § 1631. Petitioner then sought permission from the Court of Appeals to file a second or successive motion. The application was defective and ultimately dismissed for want of prosecution because Petitioner failed to cure the defect. *See In re Rafael Diaz*, No. 09-2431 (6th Cir. Dec. 8, 2009) (unpublished order).

On January 26, 2010, Petitioner filed a *pro se* habeas corpus petition and two "Motions for Intervention of Right." In his pleadings, Petitioner challenges his federal conviction and seeks immediate release from custody on the following grounds:

> I. The Court lacked subject matter jurisdiction as the United States did not show they owned or was ceded the land.
>
> II The Court lacked jurisdiction where the indictment failed to establish jurisdiction and a commerce nexus.
>
> III. Title 18 and Title 21 were never properly ratified or enacted by Congress[;] thus they are not positive law and unconstitutional.
>
> IV. There were only two Article II court[s] established[;] thus this court is without judicial power to settle criminal matters.
>
> V. Grand jury seated consisted of citizens outside territorial composition of where Article III jurors are to be drawn.
>
> VI. The Constitution only authorizes the federal Government to set the penalty for three crimes.

On May 26, 2010, Petitioner filed a "Motion to Show Cause," in which he demands a

decision on his request for a writ of habeas corpus or immediate release.[1]

Petitioner fails designate the statute on which he seeks relief in his pleadings, but he is seeking a writ of habeas corpus. (*See, e.g.* Doc. 1 at 13.). He specifically informs the Court, however, that it "cannot construe [his] Petition to be anything other than what the Petitioner has styled it unless the Court notifies the Petitioner of the consequences of filing under a particular rule and giving [sic] him an opportunity to withdraw his pleading." (*Id.* ¶ 7.) The Court expects that Petitioner is seeking to avoid having his petition treated as another successive petition under § 2255. The Court therefore will construe the petition as one filed under 28 U.S.C. § 2241 (as 28 U.S.C. § 2254 is reserved for prisoners challenging their state convictions).[2]

The primary remedy for a federal prisoner who is protesting the legality of his conviction and sentence is to file a motion to vacate sentence under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "Typically, a federal prisoner may file a § 2241 petition contesting the legality of his detention only if his claim is such that he

---

[1]Petitioner's show cause motion was docketed in the underlying criminal case, 99-80241.

[2]Conceivably, Petitioner is seeking a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651. A writ of mandamus, however, "is a drastic remedy, to be invoked in extraordinary situations where the petitioner can show a clear and undisputable right to the relief sought." *Halliburton v. United States*, 59 Fed. App'x 55, 57 (6th Cir. 2003) (unpublished opinion) (citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62, 98 S. Ct. 2552 (1978) and *Kerr v. United States Dist. Court*, 426 U.S. 394, 402-03, 96 S. Ct. 2119 (1976)). Such circumstances are not present in this case.

cannot obtain effective relief on direct appeal or through a § 2255 motion."[3] *Garcia-Echaverria v. United States*, 376 F.3d 507, 510 (6th Cir. 2004); *see also* 28 U.S.C. § 2255(e); *Peterman*, 249 F.3d at 461.

Petitioner has not alleged that the remedy afforded under § 2255 is inadequate or ineffective, and a § 2255 motion to vacate sentence is not considered "inadequate or ineffective" simply because a previous motion under § 2255 was denied. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Nor is the remedy under § 2255 inadequate or ineffective because the petitioner is procedurally barred from pursuing relief under § 2255 or because the petitioner has been denied permission to file a second or successive motion under § 2255. *Id*.

In any event, an action pursuant to § 2241 must be filed in the court having jurisdiction over the prisoner's custodian. 28 U.S.C. § 2241. The Court notes that Petitioner is confined in Kentucky.

For the above reasons, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. The proper avenue for Petitioner to challenge his conviction and/or sentence (including the constitutionality of the statute under which he was convicted and this Court's subject matter jurisdiction over his criminal trial) is a motion pursuant to § 2255. Petitioner already has sought relief under this section unsuccessfully. In order to file a

---

[3]Otherwise, § 2241 is reserved for those claims challenging the execution or manner in which the petitioner's sentence is served. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

successive petition seeking relief– however creatively labeled– Petitioner must first seek permission from the Sixth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h).

Accordingly,

**IT IS ORDERED**, that Petitioner's habeas corpus petition [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that Petitioner's motions for intervention as of right and motion to show cause are **DENIED AS MOOT**.

DATE: June 2, 2010
                s/PATRICK J. DUGGAN
                UNITED STATES DISTRICT JUDGE

Copy to:
Rafael Diaz, #25748-039
Federal Medical Center
P. O. Box 14500
Lexington, KY 40512-4500